IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| DENNIS STOKELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:08-CV-319 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits. For the reasons that follow, defendant's motion for summary judgment [doc. 12] will be granted, and plaintiff's motion for summary judgment [doc. 8] will be denied.

I.

*Procedural History*

Plaintiff was born in 1954. He previously worked in a factory until he suffered a severe on-the-job injury to the left hand in 1998. Plaintiff filed a prior application for benefits in February 2002. [Tr. 128, 741]. Largely due to his left hand injury, plaintiff was awarded benefits on those prior applications for a closed period beginning October 22, 1998, and ending April 23, 2002. [Tr. 74].

The present claim was filed in January 2005, with disability alleged on the basis of arthritis in both hands, swelling in both legs, "sky high" blood pressure, anxiety, depression, migraines, and cramping. [Tr. 255, 262].[1] The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in June 2007.

In January 2008, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from "residuals of a left hand injury with subsequent skin graft; degenerative disc disease; myalgias; lympoedema in the lower extremities; history of prostate cancer status post treatment with no recurrence; and adjustment disorder with mixed features," which are "severe" impairments but not equal to any impairment listed by the Commissioner. [Tr. 37, 41]. The ALJ found plaintiff to have the residual functional capacity ("RFC") for "simple, low-level detailed work at the light level of exertion that does not require repetitive use of the non-dominant left hand and that does not require using the left hand for fine dexterity." [Tr. 42]. Relying on vocational expert testimony, the ALJ determined that plaintiff remains able to perform a significant number of light jobs existing in the regional and national economies. [Tr. 45].

Plaintiff then sought review by the Commissioner's Appeals Council. Review was denied on October 15, 2008, and the ALJ's ruling became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through his timely complaint, plaintiff has brought his

---

[1] Plaintiff's insured status expired June 30, 2007 [Tr. 37], and he must prove the onset of disability on or before that date. *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

2

case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

Review of the Commissioner's decision is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters*, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

III.

*Analysis*

As discussed, the ALJ found plaintiff capable of performing at least "simple, low-level detailed work at the light level of exertion" with additional restrictions pertaining to the left hand. [Tr. 42]. Plaintiff argues that the ALJ's decision was not supported by substantial evidence. Specifically, he contends that the ALJ improperly disregarded: (1) his complaints of *right* hand stiffness, spasms, and cramping; (2) his complaints of lower extremity edema and cramping; and (3) "mental impairments . . . more numerous and more limiting than found by the ALJ." Any issue not specifically raised by plaintiff has been waived. *See, e.g., Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006).

> [W]e decline to formulate arguments on Hollon's behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that Hollon appears to raise in her brief on appeal.

*Id.* at 491.

A. <u>Right Hand</u>

Examination of the right hand in March 2007 by treating physician Tamara Davis was unremarkable [Tr. 574], as was the June 2007 examination by consulting neurologist Dr. Brian Wiseman [Tr. 728]. In fact, to Dr. Wiseman, plaintiff denied weakness in any extremity except for the *left* hand. [Tr. 726].

5

In his prior applications, plaintiff claimed to be disabled in part due to problems with his right hand. [Tr. 106, 114, 139, 146, 148]. Consultative Dr. Marianne Filka evaluated plaintiff in September 2003. Dr. Filka examined the right hand and saw no impairment. [Tr. 225-27].

Similarly, in 2001, treating physician Dr. Thomas Conway was aware of complaints of arthritis in the right hand. [Tr. 385-86]. Nonetheless, in a July 2001 opinion letter (wherein he noted right hand arthritis), Dr. Conway opined in material part that plaintiff could "do light work using his right upper extremity." [Tr. 386].

The court has scoured the administrative record and finds no objective evidence inconsistent with the opinions of Drs. Filka and Conway. The ALJ did not err in relying on those assessments [Tr. 38-39] or in assigning no RFC limitation pertaining to the right hand. Moreover, the court notes vocational expert Cathy Sanders's testimony that plaintiff could perform jobs existing in the regional and national economies even if "his right hand [] was also limited in that he could do no repetitive jobs with his right hand." [Tr. 756]. Plaintiff's argument is therefore not well-taken.

## B. Legs

Physicians have generally noted lower-grade swelling in plaintiff's feet and legs [Tr. 548, 566, 596, 646, 654, 660]. When asked at his administrative hearing how often he elevates his legs, plaintiff testified, "I try to at night or if I'm sitting around at home or whatever. . . . Five or six times [per day] maybe. If I'm sitting around I need to get them up

because they just swell in the daytime all the time." [Tr. 747]. Vocational expert Sanders testified that the need to elevate the legs five to six times per day, if true, would preclude all employment. [Tr. 756-57].

In his prior applications, plaintiff claimed to be disabled in part by swelling in his legs. [Tr. 139, 148]. In September 1998 (when plaintiff was still employed), treating physician Conway recommended leg elevation and use of supportive stockings. [Tr. 198]. In 2000 and 2001, Dr. Conway was aware of leg swelling and complaints of cramping. [Tr. 179, 188, 385-86]. Nonetheless, in his July 2001 opinion letter (wherein he noted "marked swelling" of the left leg), Dr. Conway opined in material part that plaintiff is able to "walk without difficulty" in the performance of light work. [Tr. 386].

Consulting examiner Dr. David McConnell was aware of plaintiff's leg edema and use of supportive stockings in April 2002 but predicted no vocational restrictions related to that condition. [Tr. 208, 212]. Similarly, consulting examiner Filka observed swelling in both of plaintiff's lower legs in September 2003 but predicted no limitation. [Tr. 226-28].

The court finds no objective evidence inconsistent with the opinions of Drs. Conway, McConnell, and Filka, and the ALJ did not err in relying on those physicians' opinions. [Tr. 38-39].[2] Although Dr. Conway recommended elevation of the legs, neither

---

[2] The court is mindful that these doctors' assessments predate the current application. However, in January 2007, treating physician Davis recorded plaintiff's report that his cramping complaints had been present for eight years and had not worsened. [Tr. 581]. In December 2005, plaintiff told Dr. Davis that his leg swelling had been present for more than twenty years with no recent increase. [Tr. 659]. In light of these representations, the court deems the opinion evidence
(continued...)

7

he nor any other source has recommended that plaintiff do so to such a degree (5 or 6 times per day) as to limit employability. The court also notes that plaintiff is able to drive independently [Tr. 285], do yard work [Tr. 493], attend church weekly [Tr. 286], travel to a family reunion in Las Vegas [Tr. 622], "help[] a friend wash stainless steel sinks" [Tr. 563], and participate in church activities [Tr. 493]. The ALJ's physical RFC conclusion was supported by substantial evidence and will not be disturbed by this reviewing court.

### C. Emotional Limitations

Lastly, plaintiff argues that the ALJ should have found him more limited psychologically. However, plaintiff's briefing does not specify what limitation or limitations the ALJ should have adopted. The issue is accordingly waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation omitted).

Even if the issue were not waived, the court finds the ALJ's conclusion (restricting plaintiff to only simple, nondetailed tasks) to be a reasonable synthesis of the mental opinion evidence of record [Tr. 493, 584, 733-34]. The court (as did the ALJ) finds particularly relevant the observation of consulting psychologist Dr. Charlton Stanley that plaintiff "did not appear to put forth his best effort and appeared to present himself in a

---

[2](...continued)
from plaintiff's prior application to be relevant to the period now at issue.

negative light from a mental standpoint." [Tr. 731-32, 735]. Lastly, to the extent that plaintiff seeks to rely on various mid-range GAF scores found in the record, those scores have no bearing on the court's analysis. *See DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x 411, 415-16 (6th Cir. 2006).

IV.

*Conclusion*

The Commissioner's final decision survives substantial evidence review and will not be reversed by this court. An order consistent with this opinion will be entered.

ENTER:

<u>     s/ Leon Jordan     </u>
United States District Judge